# Richmond.

## MYERS AND AXTELL, RECEIVERS, V. TRICE.

### APRIL 24th, 1890.

#### Absent—Hinton, J.

1. PRACTICE AT COMMON LAW—*Continuance.*—The wrong witness having been summoned, and the mistake being discovered too late to secure the presence of the right one, whose testimony was material, and the leading counsel being absent by reason of sickness, *held*, the refusal to grant a continuance was error, each being sufficient ground for it.
2. IDEM—*Hearsay—Subornation.*—Where there is no proof that G. was defendants' agent, it is error to allow a witness to testify that he heard G. tell S. that defendants desired him to testify in the case and that they might give him some money.

Error to judgment of circuit court of Goochland county rendered March 12, 1888, wherein E. F. Trice was plaintiff, and the plaintiffs in error (Lawrence Myers and Decatur Axtell, receivers of the Richmond & Alleghany railroad company), were defendants. The object of the suit was to recover damages for injuries received by plaintiff whilst in the defendant's employment. Opinion states the case.

*A. K. Leake*, for the plaintiff in error.

*J. A. Cabell* and *J. J. A. Powell*, for the defendant in error.

RICHARDSON, J., delivered the opinion of the court.

The plaintiff's declaration contains two counts. The first count charges, that on the 8th day of October, 1887, the defendants were engaged in removing the dam across James river at Maiden's Adventure, in the county of Goochland and employed the plaintiff as a laborer on said work, and that the defendants caused the plaintiff to get into a boat, and negligently propelled the boat so near a sluice that it became unmanageable, and was dashed through the sluice with such violence that the plaintiff, without fault on his part, was thrown down and one of his arms hurt, whereby he suffered great pain, and was injured for life.

The second count is to the same effect, with the additional averment that the plaintiff was under the orders of one Thacker, the defendants' superintendent or boss of the work, who negligently caused a boat, in which the plaintiff was engaged about his work, to be propelled so near a sluice that it became unmanageable, and was carried violently through the sluice against the rocks and logs therein, and the plaintiff thereby injured. This declaration was demurred to by the defendants, but the demurrer was overruled.

When the case was called for trial, the defendants moved for a continuance on the ground of the absence of a material witness, but the court overruled the motion, and the defendants excepted. The defendants then renewed the motion for a continuance on the ground of the absence of their leading counsel by reason of sickness, but the court overruled this motion; and the defendants again excepted. During the trial various other exceptions were taken by the defendants to certain rulings of the court. The jury found a verdict for the plaintiff, and assessed his damages at $1,800, whereupon the defendants moved the court to set aside the verdict and to grant them a new trial, upon the ground that the verdict was contrary to the law and the evidence, but the court overruled the motion and gave judgment according to the finding of the jury; and the defendants again excepted, and in this bill of exceptions

the court certified, not the facts, but all the evidence adduced at the trial. And the case is here upon a writ of error and *supersedeas* to said judgment.

The questions for decision are presented in the defendants' several bills of exception:

1st. By the first bill of exceptions it appears that on the calling of the cause for trial, and before the jury was sworn, the defendants, by their counsel, stated to the court that R. W. Brown was a material witness for them, and lived at Balcony Falls, in the county of Rockbridge, but that in summoning their witness, they had, by mistake, summoned W. P. Brown, a brother of their witness, and did not discover their error until the evening before the case was called, when it was too late to secure his attendance at the trial; that it appeared from the testimony of W. B. Holt at the last trial, and that it would appear by the testimony of said Holt, who was present in court, and whom they were ready to produce, that said Brown was a material witness for the defendants, and that as soon as they discovered their mistake they had used their best efforts to procure the attendance of the witness, but without success; and that for these reasons they moved that the cause be postponed or continued to enable them to obtain the witness. But the court being of opinion that the failure to summon the witness was the error of the defendants, and not the fault of any public officer, overruled the motion; and the defendants excepted. We are of the opinion that, under the circumstances, the exception is well taken.

Professor Minor says: The continuance of a cause to another term of the court, is a matter peculiarly within the discretion of the court below, and the United States courts hold it, as they hold *all other matters of discretion,* to be no ground upon which error can be imputed. * * * In Virginia the ill exercise of the discretion may be a ground of error; but it is a well established principle, that the appellate court will only reverse a judgment for that cause, when the refusal of the con-

tinuance is *plainly erroneous;* and so in other cases of discretion, as in the second examination of witnesses, &c.; citing *Brook* v. *Wilcox,* 11 Gratt., 411; *Hewitt's Case,* 17 Gratt., 627; *Fant* v. *Miller,* 17 Gratt., 187; *Wright* v. *Rambo,* 21 Gratt., 158; *Harman* v. *Howe,* 27 Gratt., 676. See 4 Minor's Inst., Part 1st, p. 869.

The principle thus deduced from the authorities referred to, is unquestionably stated with accuracy by the learned author, but it does not quite reach the peculiar circumstances of the case in hand, which rests upon the ground of *mistake.* The principle applicable in the present case is correctly and clearly stated in 3d Am. and Eng. Enc. of Law, p. 817, where the authorities are collected, and where it is said: "When it appears in the progress of a trial that a cause, if required to proceed, will suffer from the honest mistake of the party or his counsel, a continuance should be granted. But the mistaken advice of counsel not to prepare for trial is insufficient;" citing *Earnest* v. *Napier,* 15 Ga., 306; *Bargin* v. *Riggs,* 40 Ill., 61; *Kelsey* v. *Berry,* 40 Ill., 69. And the same principle was recognized by this court in *Hook* v. *Nanny,* 4 H. & M., 157, *note.*

These authorities distinctly announce the proposition that a motion for a continuance is addressed to the sound discretion of the court, in view of all the circumstances of the case; and that an appellate court will review and reverse the action of an inferior court, if, in the exercise of its discretion, it has harshly or unjustly refused a continuance, and especially where there is nothing in the circumstances to warrant the conclusion that the real purpose in moving for a continuance is to delay or evade a trial, and not to prepare for it.

In order to pass intelligently upon the merits of the motion for continuance which was refused in the present case, it is necessary to notice briefly the character of the plaintiff's claim, and so much of the evidence, *pro* and *con,* as will illustrate the importance to the defendants of the continuance asked for. The plaintiff alleges in his declaration, and testifies at the trial,

that the injuries received by him were the result of the care-
lessness and negligence of the defendants in propelling the
boat in which he was, at the time, in the discharge of his duty
as an employee of the defendants.    W. B. Holt, a witness for
the defendants, testifies that he, with the plaintiff, was in the
employment of the defendants at the time and place of the
alleged accident; and he states positively that the plaintiff,
Trice was hurt on Friday, the day before the alleged occurrence
in the boat; that he is certain of this, for the plaintiff, on Fri-
day night, showed him (witness) the place on his right arm,
and told him he (plaintiff) hurt it in crossing the sluice; that
in walking across, his foot slipped, and he fell, cutting his
elbow; that he (witness) told plaintiff he had cut his arm in a
bad place, and he had better attend to it, but he did not seem
to mind it; that on Saturday night plaintiff and witness went
to Tee's and got and drank a pint of whiskey; that on Sunday
the witness saw the plaintiff's arm again; that it was more
inflamed, but was the same cut he saw on Friday night; that
witness went with the plaintiff to Mr. Wilkins, and had his
arm poulticed; and that " when the plaintiff showed him "
(witness) " his arm on Friday night, Mr. Brown was present,"
and that he (Brown) lives near Balcony Falls.    It thus appears
that the plaintiff and the witness for the defendant, Holt, are
directly in conflict with each other both as to the time and
manner of the injury received by the plaintiff.    It was, there-
fore, of the utmost importance, not only to the defendants, but
to the due administration of justice in the premises, that the
witness, Brown, who, as Holt says, was present on Friday night
when the plaintiff stated that he had cut his arm by slipping
and falling while wading across the sluice on *Friday*, should
be present and testify, and that the defendants should have
been afforded every reasonable opportunity of securing his tes-
timony.    Moreover, it appears from the bill of exceptions that
the witness, Holt, had testified on a previous trial of the cause,
and in the absence of anything to the contrary in the record,

the irresistible inference is that the same conflict existed on the former trial; so that the trial court was fully informed of the importance of the testimony of the absent witness, Brown; for if he had been present and had corroborated the statement of the witness, Holt, as to the plaintiff's statement, how and when he received his hurt, it is incredible that any fair-minded jury could have found a verdict for the plaintiff. And there is the further inference that the importance of the testimony of the absent witness, Brown, was first discovered by the defendants from the testimony of Holt on the former trial; and they, with due diligence, proceeded to have him summoned, but in doing so they made a mistake, and instead of summoning R. W. Brown, the witness they wanted, they summoned his brother, W. P. Brown, who appeared in answer to the summons; and then, when it was too late to secure the attendance of the desired witness, it was for the first time discovered that the mistake had been made.

Under these circumstances, and in the absence of any suspicion of a purpose to delay or evade the trial by any unfair play on their part, the defendants moved for a continuance, which the court refused upon the manifestly insufficient ground that the mistake was that of the defendants, and not the fault of any public officer. The law does not thus harshly deal with the infirmities of human nature. It cannot be said, in the true sense of the term, that the defendants were wanting in due diligence, for they promptly took steps intended to effect the desired object of securing the testimony so essential to their defense. But they made a mistake, an honest mistake, and summoned the wrong man, he being one of two brothers. Under the circumstances, and in the light of the authorities above referred to, the court plainly erred in refusing the continuance.

2d. The defendants' second bill of exceptions is founded upon the action of the court refusing to continue the cause on the ground of the absence, by reason of sickness, of the lead-

ing counsel of the defendants. We are of opinion that this exception, too, is well founded. The bill of exceptions sets forth that at the calling of the cause the counsel for the defendants stated, and it appeared to the court, that Chas. U. Williams, the leading counsel for the defendants, was absent on account of his illness, and that on the first day of the term the counsel present had stated that, notwithstanding the absence of Mr. Williams, they would go into the trial of the cause should all their witnesses be present when the case should be called. And thereupon the defendants, by their counsel, moved the court to continue the cause by reason of the absence of Mr. Williams, a material witness being absent, as set out in the first bill of exceptions; which motion the court overruled, and the defendants again excepted. There is abundant authority for the proposition that the court erred in this ruling. *Allen* v. *State*, 10 Ga., 85; *Shultz* v. *Moore*, 1 McLean (U. S.), 520; *Printup* v. *Mitchell*, 19 Ga., 586; *Rhode Island* v. *Massachusetts*, 11 Peters, 226.

In the last named case a continuance was granted by the supreme court of the United States upon the ground that the leading attorney for the state of Rhode Island was ill, as stated by his associate, the attorney-general of that state, although the latter was present. That was a case of exceptional importance, involving questions of grave concern to two states of the union respecting certain territory and population held by the state of Massachusetts, but claimed by the state of Rhode Island; and from the report of the case, which is meagre, the inference is, that the court was influenced more by the deep concern and high importance of the case than by any purpose to exemplify the rule in such cases; for as the attorney-general of the state of Rhode Island was present and making the motion for continuance, and only upon the ground of the absence of the leading counsel, it is hardly probable that the supreme court of the United States would have granted the

motion but for the peculiar character and importance of the case.

It may, therefore, be said, in general, that a continuance may be granted, not only for the absence of a party or of his counsel, from unavoidable circumstances, but for honest mistake or anything amounting to a serious surprise. In all such cases, however, the application should be watched with jealousy, and the discretionary power of the court exercised with caution; but, if there is no sufficient reason to induce the belief that the alleged ground of the motion is feigned, a continuance should be granted, rather than to seriously imperil the just determination of the cause by refusing it.

Under the peculiar circumstances of the present case, and especially in view of the very harsh ruling on the preceding motion, we are clearly of opinion that the circuit court erred in refusing to continue the case on the ground of the absence of the leading counsel of the defendants, by reason of sickness.

3d. The defendants' third bill of exceptions is to the action of the trial court in admitting, notwithstanding their protest, the evidence of one M. L. Harris, a witness introduced by the plaintiff. This witness testified that after the institution of this suit, he heard a colored man, George Williams, who charters excursion trains on the defendants' line of railroad, tell Sam White that he was requested by the defendants to get him to go down to Richmond to see the defendants, or one of their agents, and to testify for them in regard to the Trice case; that Sam White said he would not go unless five dollars was paid to him, to which Geo. Williams replied, "Meet me at the train in the morning." The witness, Harris, says that this occurred at Cocke's tavern, where he was clerk and salesman in a store, and that there were a number of persons in the store at the time, including Sam White and Geo. Williams.

George Williams was put upon the stand and he positively denied making any such statement. No effort was made to

prove that George Williams was the agent of the defendants for the purpose in question, or for any purpose. The testimony thus admitted could have but one purpose and tendency, and that was to prejudice the mind of the jury with the belief that the defendants, in order to defeat the claim of the plaintiff, had resorted to the dishonest and criminal act of subornation of evidence. It is passing strange that the circuit court should have permitted the testimony to go to the jury, under the circumstances. Once establish the admissibility of such testimony, and no man's rights would be secure; for there would be a ready market for all manner of false swearing, and every miscreant would for a consideration, be ready to accept the premium to perjury thus held out, regardless of life, liberty, or property. It is an elementary principle that, in such cases, the fact of agency must be proved as a condition precedent to the admissibility of the declarations or admissions by an agent, and that neither the declarations of a man nor his acts can be given in evidence to prove that he is the agent of another. Hence, in Meecham on Agency, section 716, it is said : " As has been seen, however, the fact of the agent's authority can neither be established, nor can its scope or effect be extended or enlarged, by his own statements, representations or declarations, so as to charge the principal. There must be first a *prima facie* showing of his authority by other evidence, before the admissions, declarations, or representations, if otherwise competent, can be admitted."

In the present case, there is not a particle of evidence that George Williams was ever the agent of the appellants for any purpose. On the contrary, the only connection between him and them that ever existed, so far as shown in evidence, is that he occasionally. for himself and his race, chartered excursion trains on their road. If this could make him their agent for the unsavory business of suborning evidence, and bind them by his real or pretended declarations, then every passenger who ever traveled on their road would also be their agents.

The reception of the testimony in question can only be accounted for as a thing occurring in the hurry of a jury trial and consequent want of due consideration.

4th. The defendants' fourth bill of exceptions is as to the giving, refusing and modifying certain instructions asked for by the parties, respectively. But in view of the errors aforesaid, it is not necessary to discuss the questions arising on the instructions, as the case must go back for a new trial.

5th. The defendants' fifth bill of exceptions is to the action of the court refusing the defendants' motion to set aside the verdict and grant a new trial. As the judgment of the court below must be reversed for the errors already pointed out, and the cause remanded for a new trial, it is unnecessary to enter into a discussion of the evidence, which is involved in this exception. It is sufficient to say, that for the errors aforesaid, the judgment of the court below must be reversed and annulled, the verdict of the jury set aside, and the cause remanded to said circuit court for a new trial to be had therein in accordance with the views expressed in this opinion.

JUDGMENT REVERSED.