COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Bumagrdner


CALVIN LIBRON, III

                                                    MEMORANDUM OPINION[*]
v.        Record No. 0261-09-2                              PER CURIAM
                                                          AUGUST 18, 2009
TAMARA BRANCH


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Melvin R. Hughes, Jr., Judge

(Audrey Freeman jaCobs, on briefs), for appellant.

(Diane M. Abato; Marc Yeaker, Guardian *ad litem* for the minor
child; Abato & Davis, on brief), for appellee.


        Calvin Libron, III (father) appeals a child custody and visitation order.  Father argues that

the trial court erred by (1) not stating the grounds or reasons which formed the basis for its custody

and visitation order; (2) not considering additional evidence after the trial court finalized the matter;

(3) ordering father to obtain an assessment when father did not have the financial means to pay for

it; and (4) receiving a medical report into evidence.  Father also questions whether the trial court

was a true court of record when there was no means to recall matters that transpired during the

hearings without a transcript provided by and paid for by a party.  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  See Rule 5A:27.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

On July 14 and 15, 2007, father visited with the child. Tamara Branch (mother) became suspicious when father brought the child home late and did not answer her calls. Two weeks later, the child started crying when she was supposed to see father again. The child told mother about an event that led mother to believe that father sexually abused the child, and mother took the child to the emergency room. Based on the hospital's report, mother refused to allow father to visit with the child, and she filed a motion to amend custody and visitation.

On May 1, 2008, the juvenile and domestic relations district court (the JDR court) awarded joint legal custody to mother and father and physical custody to mother. The JDR court suspended father's visitation and limited the child's contact with the paternal relatives as the child's guardian *ad litem* (GAL) directed. Father appealed the order to the circuit court.

On July 14, 2008, the trial court heard the matter and ordered that father undergo a sex offender evaluation.[1] On July 15, 2008, the trial court sent a letter to counsel suggesting a psychologist who could perform the evaluation. Father never obtained the evaluation. On November 26, 2008, the trial court issued its letter opinion and awarded joint legal custody to mother and father and physical custody to mother. The trial court also ordered that father have supervised visitation with a supervisor approved by the GAL and at such times and frequency as approved by the GAL. Father timely noted his appeal.

ANALYSIS

Issues 1, 3, 4, and 5 – Rule 5A:18

Father argues that the trial court erred by not stating its grounds or reasons for custody and visitation in the final order. Father also argues that the trial court should have arranged for

---

[1] Two judges in the JDR court had ordered father to get an evaluation, but he never did so.

payment of the costs of a sexual evaluation when it ordered father to undergo such an evaluation. Father contends that the trial court erred by accepting a Medical College of Virginia (MCV) medical report that was not authenticated. Furthermore, father argues that the trial court was not a court of record when there was no means of recalling what happened in a previous hearing without a party providing, and paying for, a transcript.[2]

Father did not preserve these issues in the trial court. "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc). There was no miscarriage of justice in this case, and the ends of justice exception does not apply.

<u>Issue 2 – Additional evidence</u>

Father argues that the trial court erred in finalizing the order when there was additional clarifying evidence about a child protective services (CPS) investigation. He contends that on July 16, 2008, two days after the trial, the CPS worker wrote a letter to father to inform him that the charges were unfounded. On October 1, 2008, father submitted the letters to the trial court.

---

[2] Rule 5A:20(e) mandates that father's opening brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ." Father's brief fails to cite any case law supporting his argument that the trial court was not a court of record. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008). Although father failed to comply with Rule 5A:20(e), we will not address whether father waived this issue because he also did not comply with Rule 5A:18, which is fatal.

On October 9, 2008, the trial court indicated that it was ready to rule on the matter, since it appeared that father was not going to obtain an evaluation. On November 26, 2008, the trial court issued its letter opinion. On December 8, 2008, father scheduled a hearing requesting holiday visitation, and at that hearing, asked the court for a continuance so that the CPS worker could testify. The trial court explained that the only outstanding matter from the July hearing was that father was to obtain an evaluation, which he did not do. On December 8, 2008, the trial court entered its order.

> The decision to grant a motion for a continuance is within the sound discretion of the circuit court and must be considered in view of the circumstances unique to each case. The circuit court's ruling on a motion for a continuance will be rejected on appeal only upon a showing of abuse of discretion *and* resulting prejudice to the movant. Additionally, in the application of these principles, we will be guided by our holding over a century ago in Myers v. Trice, 86 Va. 835, 842, 11 S.E. 428, 430 (1890), that when a circuit court's refusal to grant a continuance "seriously imperil[s] the just determination of the cause," the judgment must be reversed.

Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34, 645 S.E.2d 261, 265 (2007).

Here, the trial court did not abuse its discretion in denying father's request for a continuance so that the CPS worker could testify. There was no prejudice to father, since father had the opportunity to subpoena the CPS worker to court in July, but he did not do so. Father testified at the July hearing that he met with the CPS worker over a month prior to the court hearing. Father contends that the investigation was not complete at the time of the hearing; however, the CPS worker wrote his letter concluding the matter two days after the hearing. Father could have brought the CPS worker to court to discuss his investigation, but he did not do so. See Odum v. Commonwealth, 225 Va. 123, 130, 301 S.E.2d 145, 149 (1983) (one of the factors to consider is whether, with reasonable diligence, the after-discovered evidence could have been available at trial).

- 4 -

<u>Motion to Place Document Under Seal</u>

Father filed a motion with this Court, requesting that the MCV medical document be placed under seal because it was a child's medical record, was redisclosed in contravention of Code § 32.1-127.1:03, contained double hearsay, and damaged and defamed father's reputation.[3]

Father incorrectly cites Code § 32.1-127.1:03 as prohibiting disclosure of the medical record. Code § 32.1-127.1:03 discusses releasing medical records, and states that the statute, "except where specifically provided herein," does not apply to the health records of minors. Code § 32.1-127.1:03(C)(1).

The trial court ruled that it was not accepting the document for the truth of the matter, but only to explain mother's actions after the hospital visit. Therefore, whether it contained double hearsay is irrelevant, since it was not admitted for the truth contained therein.

Furthermore, father argues that this Court should place the document under seal because it will damage and defame his character. "'[R]isks of damage to professional reputation, emotional damage, or financial harm, stated in the abstract,' are not sufficient reasons for a court to seal judicial records." <u>Lotz v. Commonwealth</u>, 277 Va. 345, 351, 672 S.E.2d 833, 837 (2009) (quoting <u>Shenandoah Publishing House, Inc. v. Fanning</u>, 235 Va. 253, 259, 368 S.E.2d 253, 256 (1988)).

Accordingly, we deny father's motion to place the MCV medical document under seal.

CONCLUSION

For the foregoing reasons, we summarily affirm the trial court's ruling. Rule 5A:27.

Mother asks this Court to award her attorney's fees and costs incurred on appeal. <u>See</u> <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we hold that mother is entitled to a reasonable

---

[3] Father did not request that the trial court place the document under seal.

amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of attorney's fees and costs incurred by mother in this appeal.

<u>Affirmed and remanded.</u>