UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Huff and Senior Judge Haley

JAMES GANTHIER

MEMORANDUM OPINION[*]

v.      Record No. 0338-13-4                                            PER CURIAM
                                                                       JULY 23, 2013

FREDERICK COUNTY
  DEPARTMENT OF SOCIAL SERVICES

FROM THE CIRCUIT COURT OF FREDERICK COUNTY
Clifford L. Athey, Jr., Judge

(David L. Hensley; Gunter Hensley, P.C., on briefs), for appellant.

(Beth M. Coyne; Courtney H. Warner, Guardian *ad litem* for the
minor children; Winchester Law Group, P.C.; Georgia Rossiter, on
brief), for appellee.


On February 5, 2013, the trial court entered an order terminating the parental rights of

James Ganthier to his two daughters pursuant to Code § 16.1-283(B) and (C)(2).  On appeal,

appellant contends the trial court erred in refusing to grant his motion to continue the termination

hearing.  He also challenges the sufficiency of the evidence to support the terminations.  Upon

reviewing the record and briefs of the parties, we conclude this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Background

On appeal, we view the evidence in the "'light most favorable' to the prevailing party in

the circuit court and grant to that party the benefit of 'all reasonable inferences fairly deducible

therefrom.'"  Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 262, 616 S.E.2d 765, 767

(2005) (quoting Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

S.E.2d 460, 463 (1991)).  When reviewing a decision to terminate parental rights, we presume the circuit court "'thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'"  Id. at 265-66, 616 S.E.2d at 769 (quoting Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005)).  "The trial court's judgment, 'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'"  Id. at 266, 616 S.E.2d at 769 (quoting Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted)).  "In its capacity as factfinder, therefore, the circuit court retains 'broad discretion in making the decisions necessary to guard and to foster a child's best interests.'"  Id. (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)).

The Frederick County Department of Social Services (DSS) took emergency custody of appellant's daughters on March 4, 2011 at the motel room where they were staying with their mother.  The children were adjudged to have been abused or neglected, and were placed in foster care.

Initially, the goal of the foster care service plans for the children was to return them to the custody of appellant and the children's mother.  However, the goal of the plans later was changed to adoption, and DSS petitioned to terminate the parental rights of both appellant and the children's mother.[1]  The juvenile and domestic relations district court (JDR court) terminated appellant's parental rights to the children on September 5, 2012, and he appealed.

On September 9, 2012, appellant was sentenced to five years of incarceration, with all but twelve months suspended, upon a conviction of possessing cocaine with the intent to distribute.

---

[1] The children's mother signed an order voluntarily terminating her parental rights to the girls.

On October 18, 2012, the trial court entered a pretrial order setting the termination hearing for January 14, 2013. The date of the hearing was chosen in coordination with the available dates of appellant's court-appointed attorney. On January 2, 2013, appellant's attorney filed a list of potential witnesses for the hearing. The list included several of appellant's relatives. The record contains no indication that appellant or his attorney attempted to subpoena any of the listed witnesses for the termination hearing.

Having served his sentence, appellant was released from jail on January 7, 2013. Before the termination hearing began on January 14, 2013, appellant moved for a continuance of the proceeding. Appellant's attorney stated that appellant wished to have some of his relatives testify regarding the availability of placement of the children with family members. Counsel stated appellant had not had the opportunity, since his release from jail, to bring the relatives together and have them present for the hearing. The trial court denied appellant's motion, and the hearing proceeded as scheduled.

At the conclusion of the hearing, the trial court found that DSS had proven by clear and convincing evidence the circumstances required for termination under Code § 16.1-283(B) and Code § 16.1-283(C)(2).

Denial of a Continuance

Appellant contends the trial court erred in denying his motion for a continuance on the day of the scheduled termination hearing. He argues that he had been unable to obtain the presence of witnesses in the brief period of time between his release from jail and the hearing.

In the context of proceedings to terminate residual parental rights, the Supreme Court of Virginia has held:

> The decision to grant a motion for a continuance is within the
> sound discretion of the circuit court and must be considered in
> view of the circumstances unique to each case. The circuit court's
> ruling on a motion for a continuance will be rejected on appeal

only upon a showing of abuse of discretion *and* resulting prejudice to the movant. Additionally, in the application of these principles, we will be guided by our holding over a century ago in Myers v. Trice, 86 Va. 835, 842, 11 S.E. 428, 430 (1890), that when a circuit court's refusal to grant a continuance "seriously imperil[s] the just determination of the cause," the judgment must be reversed.

Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34, 645 S.E.2d 261, 265 (2007).

Considering the circumstances of the case, we find no abuse of discretion in the trial court's denial of appellant's request for a continuance. As evidenced by his appeal from the JDR court's decision, appellant was well aware at the time of his sentencing in September 2012 that the termination proceedings were continuing in the trial court. The date for the termination hearing was set three months in advance in coordination with appellant's attorney, although appellant was incarcerated at the time. Appellant was present at the termination hearing and was able to participate in the proceedings. Two weeks before the hearing, appellant filed a list of witnesses that included several family members. There was no indication that, either before or after his release from jail, appellant or his attorney made any effort to have specific members of his family, even those identified in the witness list, present at the hearing. Appellant did not proffer the expected contents of the testimony of any witness he wanted to have present at the hearing. Nor did he make any representations regarding the availability of his witnesses if the trial court was to continue the hearing to a later date. Thus, we conclude the trial court did not abuse its discretion in refusing to continue the matter, and we do not disturb that decision.

### Termination Decision

Termination of parental rights under Code § 16.1-283(B) requires proof that "the neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development" and that "[i]t is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return

to his parent . . . within a reasonable period of time." Code § 16.1-283(B)(1) and (2). Termination of residual parental rights pursuant to Code § 16.1-283(C)(2) requires proof that the parent, "without good cause, ha[s] been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement," notwithstanding reasonable and appropriate efforts of service agencies.

In its February 5, 2013 order terminating appellant's parental rights to the children, the trial court found clear and convincing evidence established the conditions for termination under both Code § 16.1-283(B) and Code § 16.1-283(C)(2). On appeal, however, appellant challenges only the sufficiency of the evidence to sustain the terminations under Code § 16.1-283(B). Thus, appellant has waived any appellate claim regarding the terminations pursuant to Code § 16.1-283(C)(2).

In Fields, 46 Va. App. at 8, 614 S.E.2d at 659, this Court found that termination of parental rights upheld under one subsection of Code § 16.1-283 forecloses the need to consider termination under alternative subsections. Because the termination under Code § 16.1-283(C)(2) is unchallenged on appeal, we need not consider appellant's argument regarding the termination under Code § 16.1-283(B).

## Conclusion

Accordingly, the trial court's decision is affirmed.

Affirmed.