UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, McCullough and Senior Judge Bumgardner

ARLEEQUA McKIE

MEMORANDUM OPINION[*]

v.      Record No. 0551-14-2            PER CURIAM
                                        SEPTEMBER 2, 2014

RICHMOND DEPARTMENT
 OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Margaret P. Spencer, Judge

(Brice Lambert; Leonard W. Lambert & Associates, on brief), for
appellant.

(Kate D. O'Leary; Karen Mattews, Guardian *ad litem* for the minor
child; Richmond City Attorney's Office, on brief), for appellee.


Arleequa McKie (mother) appeals from a January 27, 2014 circuit court order

terminating her residual parental rights to her child pursuant to Code § 16.1-283(C)(1) and (2).

On appeal, mother argues the trial court erred (1) "in failing to grant [her] request to continue the

hearing on the termination of her residual parental rights," and (2) "in finding that it was in the

best interest[s] of [the child] to terminate the residual parental rights of [mother]."

Upon reviewing the record and briefs of the parties, we conclude this appeal is without

merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Background

On appeal, we view the evidence in the "'light most favorable' to the prevailing party in

the circuit court and grant to that party the benefit of 'all reasonable inferences fairly deducible

therefrom.'" Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 262, 616 S.E.2d 765, 767

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(2005) (quoting <u>Logan v. Fairfax Cnty. Dep't of Human Dev.</u>, 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991)).

In March 2011, mother was arrested following an incident involving domestic violence. At that time, mother's child, then four years old, was placed in the custody of the Richmond Department of Social Services (the Department). The child has remained in foster care since that time. Mother was convicted of a domestic violence charge and served three months in jail. Upon her release, mother was required to attend parenting classes, cooperate with her probation officer, participate in substance abuse treatment, submit to random drug testing, engage in individual therapy, maintain safe and stable housing, and have a psychological assessment.

Mother completed the parenting class and probation and maintained housing for approximately one year. In October 2012, she overdosed on heroin and was hospitalized. She left the hospital early against her doctor's advice and stopped contacting the Department. Two months later, she re-established contact with the Department but by that time her visits with the child ceased.

The child's therapist testified regarding the child's severe regressive behavior following the earlier visits with mother. A social worker also testified about her observations during the visitations and explained the child acted manic, talked in baby voices and made animalistic noises. Mother refused to sign authorizations to allow the child's school to perform recommended special education assessments. Only after the Department arranged for the appointment of a court-ordered educational surrogate was the child able to be tested. The testing revealed the child needed special education services. Mother's refusal to authorize the testing greatly delayed the child's ability to obtain the necessary services.

In July 2013, mother completed the court-ordered psychological testing. Dr. King, who qualified as an expert in clinical psychology, diagnosed mother with schizoaffective disorder,

bipolar type episodes in partial remission, severe stimulant disorder and severe opioid disorder. His expert opinion was that mother was not in a position to care for her child. He also opined that mother's risk for relapse was extremely high. Mother reported having had used drugs just three weeks prior to the assessment and had not been consistent in treating her mental health issues. Mother continues to use high daily doses of methadone in an attempt to control her heroin addiction.

<u>Analysis</u>

I.

Mother contends the trial court erred in denying her motion for a continuance on the day of the scheduled termination hearing. Mother asked for a continuance, explaining she had not subpoenaed a witness she wanted to testify at the hearing. She proffered the witness, mother's next-door neighbor, would testify about her observations of how mother interacted with her child and how mother was able to provide a stable environment for the child. Mother conceded she had another witness, another neighbor who had lived near mother for the same amount of time, present to testify to the same matters, but emphasized the missing witness lived closer to mother and that her testimony would therefore be more probative. The trial court denied the motion for a continuance, finding the testimony of the missing witness would be largely cumulative.

In the context of proceedings to terminate residual parental rights, the Supreme Court of Virginia has held:

> The decision to grant a motion for a continuance is within the
> sound discretion of the circuit court and must be considered in
> view of the circumstances unique to each case. The circuit court's
> ruling on a motion for a continuance will be rejected on appeal
> only upon a showing of abuse of discretion and resulting prejudice
> to the movant. Additionally, in the application of these principles,
> we will be guided by our holding over a century ago in <u>Myers v.
> Trice</u>, 86 Va. 835, 842, 11 S.E. 428, 430 (1890), that when a
> circuit court's refusal to grant a continuance "seriously imperil[s]

the just determination of the cause," the judgment must be reversed.

Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34, 645 S.E.2d 261, 265 (2007).

Considering the circumstances of the case, we find no abuse of discretion in the trial court's denial of mother's request for a continuance. Mother provided no explanation for her failure to subpoena the witness, and there was no indication that mother made any effort to have the witness present at the hearing. Nor did she make any representations regarding the availability of her witness if the trial court continued the hearing to a later date. Finally, mother does not establish that the witness' testimony would have been substantially different from that of the other neighbor that was available to testify. Thus, we conclude the trial court did not abuse its discretion in refusing to continue the matter, and we do not disturb that decision.

II.

Mother asserts the evidence failed to establish the termination of her parental rights was in the best interests of her child.

When reviewing a decision to terminate parental rights, we presume the circuit court "'thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Toms, 46 Va. App. at 265-66, 616 S.E.2d at 769 (quoting Fields v. Dinwiddie Cnty. Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005)). "The trial court's judgment, 'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Id. at 266, 616 S.E.2d at 769 (quoting Logan, 13 Va. App. at 128, 409 S.E.2d at 463). "In its capacity as factfinder, therefore, the circuit court retains 'broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Id. (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)).

- 4 -

The trial court terminated mother's parental rights pursuant to Code § 16.1-283(C)(1) and (2).[1]

> [S]ubsection C termination decisions hinge not so much on the magnitude of the problem that created the original danger to the child, but on the demonstrated failure of the parent to make reasonable changes. Considerably more "retrospective in nature," subsection C requires the court to determine whether the parent has been unwilling or unable to remedy the problems during the period in which he has been offered rehabilitation services.

Toms, 46 Va. App. at 271, 616 S.E.2d at 772 (quoting City of Newport News Dep't of Soc. Servs. v. Winslow, 40 Va. App. 556, 562-63, 580 S.E.2d 463, 466 (2003)).

When considering termination of parental rights, "the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

Mother demonstrated she was unable to care for the child. She had a history of substance abuse and mental health problems and was incarcerated for a domestic violence conviction. Mother did not complete all the treatment programs required of her and failed to maintain stable

---

[1] A court may terminate parental rights if:

> The parent or parents have, without good cause, failed to maintain continuing contact with and to provide or substantially plan for the future of the child for a period of six months after the child's placement in foster care notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to communicate with the parent or parents and to strengthen the parent-child relationship[ ] . . . or

> The parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

Code § 16.1-283(C)(1) and (2).

housing upon her release from the hospital. Mother admitted using drugs after her release, and the doctor's testimony indicated mother was at a high risk of relapsing.

The trial court found mother was unable to meet the needs of her child and could not provide a stable home. At the time of the trial, the child had been in foster care for more than two years. The trial court heard evidence that the child was doing well in foster care.

"It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Based on the record, the trial court did not err in finding that termination of mother's parental rights was in the child's best interests.

For the reasons stated above, we summarily affirm the decision terminating mother's parental rights. See Rule 5A:27.

Affirmed.