COURT OF APPEALS OF VIRGINIA

Present: Judges Alston, Chafin and Senior Judge Haley

TREVON BLAKE

MEMORANDUM OPINION[*]

v.      Record No. 2027-14-1                                         PER CURIAM
                                                                    MAY 19, 2015

NORFOLK DEPARTMENT OF HUMAN SERVICES

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

(Daymen Robinson, on brief), for appellant.

(Tamele Y. Hobson, Assistant City Attorney; Robert McL. Smith,
III, Guardian *ad litem* for the infant child; Office of the City
Attorney, on brief), for appellee.


Trevon Blake, appellant, appeals the trial court's order terminating his residual parental

rights to his daughter.  Appellant contends the trial court erred by failing to grant his request for a

continuance and dismissing his appeal of the juvenile and domestic relations district court's order

terminating his parental rights.  Upon review of the record and briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.

Rule 5A:27.

In November of 2011, appellant's daughter was in the custody of the Norfolk Department of

Human Services, the Department.  On June 18, 2014, the JDR court terminated appellant's residual

parental rights.  Appellant personally noted his appeal that same day.  The circuit court set trial for

October 30, 2014.  Appellant had personal notice of the court date.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

Despite having notice, appellant did not appear for trial. Counsel recounted appellant had previously expressed his desire to leave Virginia once he regained custody of his daughter. Counsel represented that appellant notified her fourteen to seventeen days before trial that he moved to Texas, but he intended to appear for the court date. Two days before trial, appellant called counsel and stated he would not be able to appear because he did not have enough money for the return ticket. Counsel moved for a continuance, which motion the trial court denied. The Department moved to dismiss the appeal pursuant to Code § 16.1-106.1(D), which motion the trial court granted.

Code § 16.1-106.1(D) states that

> [i]f a party who has appealed a judgment or order of a district court fails to appear in circuit court either at the time for setting the appeal for trial or on the trial date, the circuit court may, upon the motion of any party, enter an order treating the appeal as withdrawn and disposing of the case in accordance with this section. If no party appears for trial, the court may deem the appeal to be withdrawn without a motion and enter an order disposing of the case in accordance with this section.

In proceedings for the termination of residual parental rights, the Supreme Court of Virginia has held:

> [t]he decision to grant a motion for a continuance is within the sound discretion of the circuit court and must be considered in view of the circumstances unique to each case. The circuit court's ruling on a motion for a continuance will be rejected on appeal only upon a showing of abuse of discretion and resulting prejudice to the movant. Additionally, in the application of these principles, we will be guided by our holding over a century ago in Myers v. Trice, 86 Va. 835, 842, 11 S.E. 428, 430 (1890), that when a circuit court's refusal to grant a continuance "seriously imperil[s] the just determination of the cause," the judgment must be reversed.

Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34, 645 S.E.2d 261, 265 (2007).

Appellant's daughter was in foster care for almost three years by the time the case reached the circuit court for trial. Despite this prolonged period, and the importance of the proceedings,

appellant voluntarily removed himself from the state of Virginia two to three weeks prior to the trial. Counsel and the guardian *ad litem* described appellant as having been rude, difficult, and an "obstructionist" throughout the prior proceedings. Although counsel did state appellant appeared to have been more polite in the prior few weeks, she was surprised that he did not return to Virginia for the hearing.

Given the lengthy time the matter had already been pending and appellant's decision to move just days prior to the court hearing, the record supports the trial court's finding that appellant was voluntarily waiving his right to appeal. Unlike the party in Haugen, appellant voluntarily made himself unavailable to appear. Further, "[i]t is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his or [or her] responsibilities." Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990). Therefore, it was not an abuse of discretion to deny the motion for a continuance.

Accordingly, the trial court did not err by dismissing the appeal pursuant to Code § 16.1-106.1(D), based on appellant's failure to appear. For the foregoing reasons, the trial court's ruling is summarily affirmed.

Affirmed.