COURT OF APPEALS OF VIRGINIA

Present:  Judges Malveaux, Athey and Senior Judge Petty
Argued by videoconference


KIMBERLY J. PLASTER, SOMETIMES KNOWN AS
 KIMBERLY J. ELY

                                                        MEMORANDUM OPINION[*] BY
v.      Record No. 1168-24-3           JUDGE MARY BENNETT MALVEAUX
                                                           DECEMBER 3, 2024

WISE COUNTY DEPARTMENT OF
 SOCIAL SERVICES


FROM THE CIRCUIT COURT OF WISE COUNTY
Thomas W. Baker, Judge

Melanie B. Salyer (The Salyer Law Firm, PLLC, on brief), for
appellant.

Jeremy B. O'Quinn (Adrian J. Collins, Guardian ad litem for the
minor child; O'Quinn Law; Adrian Collins Law Office, PC, on
brief), for appellee.


The Wise County Juvenile and Domestic Relations District Court ("JDR court") entered

orders terminating the residual parental rights of Kimberly J. Plaster ("mother") and approving a

foster care goal of adoption.  Mother appealed the JDR court's orders to the circuit court, which

ordered her appeals withdrawn upon her failure to appear for trial.  On appeal to this Court,

mother argues the circuit court erred by denying her motion for a continuance and granting the

motion of the Wise County Department of Social Services ("DSS") to treat her appeal as

withdrawn.  For the following reasons, we find no error and affirm the circuit court's judgment.

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

"On appeal from the termination of parental rights, this Court is required to review the evidence in the light most favorable to the party prevailing in the circuit court." *Simms v. Alexandria Dep't of Cmty. & Hum. Servs.*, 74 Va. App. 447, 452 (2022) (quoting *Yafi v. Stafford Dep't of Soc. Servs.*, 69 Va. App. 539, 550-51 (2018)). Here, because DSS was the prevailing party, we recite the evidence and all reasonable inferences flowing from it in the light most favorable to DSS. *See Joyce v. Botetourt Cnty. Dep't of Soc. Servs.*, 75 Va. App. 690, 695 (2022).

Mother is the biological parent of M.L., who was born in October 2017. On April 20, 2021, M.L. was taken into DSS's custody after the JDR court found that M.L. had been abused or neglected. On November 1, 2022, the JDR court conducted a hearing on DSS's petition to terminate mother's residual parental rights.[2] The JDR court found that mother lacked employment, a known source of food, and stable housing, and that she was uncooperative and "no drug screen can be done." Additionally, mother had health problems that prevented her from being able to care for M.L. Consequently, the JDR court terminated mother's residual parental rights after concluding that notwithstanding the best efforts of supporting agencies, she had been unwilling or unable, without good cause, to substantially remedy within 12 months the conditions that had led to M.L.'s placement in care. *See* Code § 16.1-283(C)(2) (permitting

---

[1] The record in this case was sealed, but the appeal necessitates unsealing relevant portions of the record to resolve the issues raised by mother. Evidence and factual findings below that are necessary to address those issues are included in this opinion. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." *Levick v. MacDougall*, 294 Va. 283, 288 n.1 (2017).

In addition, we use initials, rather than the minor child's name, to protect their privacy.

[2] Prior to the hearing, mother's attorney was appointed her guardian ad litem due to mother's incarceration. The JDR court subsequently reappointed mother's attorney as guardian ad litem based on the condition of mother's mental health.

involuntary termination of residual parental rights upon a finding of such circumstances). Mother appealed to the circuit court.

While mother's termination appeal was pending in the circuit court, DSS filed a foster care plan in the JDR court with a primary goal of adoption for M.L. DSS noted M.L.'s various health conditions, including hydrocephalus, macrocephalus, and a genetic disorder that required attention, and that M.L. had been placed in a therapeutic foster home where she "experience[d] normalcy" and was "comfortable and adjusted to her surroundings." DSS also noted that mother had appealed the termination of her residual parental rights and that she had been "court ordered into a mental health facility due to a non-related criminal charge." On February 6, 2024, the JDR court approved the foster care plan with a goal of adoption. Mother appealed the foster care review order to the circuit court.

The circuit court set an April 11, 2024 hearing date for both matters appealed by mother.[3] But on April 11, "[a]t the outset of the Hearing, the [c]ourt called the case and [mother] was not present. The [c]ourt ordered the bailiff to call in the hallway to see if [mother] happened to be outside the Courtroom and the bailiff was also unable to locate [mother]." Counsel for mother informed the circuit court that mother had telephoned her office, reported she was sick, and stated she could not appear for the hearing. The court then "attempted to make contact with [mother] at the number she had given her counsel and was unable to reach [mother]."

Upon going on the record, the court noted mother's absence, her reported illness, and that "she's not responding to us on the phone," before asking counsel for mother to address the situation. Counsel for mother replied that mother

---

[3] The circuit court initially set a January 25, 2023 hearing date for mother's appeal of the termination of her residual parental rights. No hearing took place on that date, and the record suggests that the matter was continued because at that time, mother was being evaluated for her competency to stand trial in an unrelated criminal matter.

called my office very close to th[e] time [set for the hearing] and indicated that she will not be here today, that she has an upper respiratory infection. My office provided [me] the number that [mother] called from. I have texted my office to try to call [mother] back and to call the number that [she] just called [from]. And hopefully [my colleague] will let me know if he gets a hold of her. But we are asking for a continuance. I believe this is, I don't know if it's technically the first setting but I think it might be the second.

Counsel for DSS objected to the motion and moved the court to "dismiss [mother's] appeal," citing as authority for this procedure Code § 16.1-106.1. That statute provides, in pertinent part, that "[i]f a party who has appealed a judgment or order of a district court fails to appear in circuit court . . . on the trial date, the circuit court may, upon the motion of any party, enter an order treating the appeal as withdrawn and disposing of the case."[4] Code § 16.1-106.1(D). Counsel for DSS noted that "it was explained to [mother] in depth when the court set this . . . that this trial would happen today" and that "apparently [mother] can call and say she has an upper respiratory infection but she can't answer the phone now." Counsel for DSS further noted that at that point, M.L. had been in foster care for nearly three years but mother had never sought visitation with M.L. during those periods when she was not incarcerated. M.L.'s guardian ad litem opposed mother's motion for a continuance and joined in DSS's motion, stating "we all would like for a person to have their day in court" but that the guardian's "interest is in the child hav[ing] stability."

The circuit court granted DSS's motion, thereby implicitly denying mother's motion for a continuance. The court noted that counsel for mother had "been in this case for a long time" and experienced "a lot of hard dealings with [mother]." Ultimately, the court found that mother "has

---

[4] An additional subsection of the statute makes clear that this provision extends even to matters appealed from juvenile and domestic relations district courts to the circuit courts. *See* Code § 16.1-106.1(F).

failed to follow up on her case."[5]  The court entered a final order ordering that mother's appeal

be withdrawn, reinstating the previous orders of the JDR court terminating mother's residual

parental rights and approving the foster care plan with a goal of adoption, and remanding all

further matters to the JDR court.

This appeal followed.

## II.  ANALYSIS

### A.  Motion for a Continuance

Mother argues the circuit court abused its discretion when it denied her motion for a

continuance, and that "therefore, [she] was prejudiced as her due process rights to present her case

and parent her child were violated."

"The decision to grant a motion for a continuance is within the sound discretion of the

circuit court and must be considered in view of the circumstances unique to each case." *Haugen*

*v. Shenandoah Valley Dep't of Soc. Servs.*, 274 Va. 27, 34 (2007).  A court's ruling on such a

motion "will be rejected on appeal only upon a showing of abuse of discretion *and* resulting

prejudice to the movant.  Additionally, in the application of these principles, we will be guided

by [the] holding over a century ago in *Myers v. Trice*, 86 Va. 835, 842 (1890)." *Id.*  In that case,

our Supreme Court held that

> the discretionary power of the court [should be] exercised with
> caution; but, if there is no sufficient reason to induce the belief that
> the alleged ground of the motion [for continuance] is feigned, a
> continuance should be granted, rather than to seriously imperil the
> just determination of the cause by refusing it.

*Myers*, 86 Va. at 842.  Of further relevance here, a "circuit court's factual findings 'will not be

disturbed on appeal unless they are plainly wrong or without evidence to support them.'" *Carter*

---

[5] Although counsel for mother did not object to the circuit court's rulings, the court
nonetheless stated that it would "note [mother's] objection[s]."  Counsel for mother also signed
the circuit court's final order "Seen and Objected."

*v. Wake Forest Univ. Baptist Med. Ctr.*, 303 Va. 135, 144 (2024) (quoting *Collins v. First Union Nat'l Bank*, 272 Va. 744, 749 (2006)).

As an initial matter, we hold that mother failed to preserve her due process arguments alleging prejudice because she never made any due process arguments to the circuit court. *See* Rule 5A:18; *Maxwell v. Commonwealth*, 287 Va. 258, 264-65 (2014) (noting that "Rule 5A:18 contains the contemporaneous objection rule applicable to the Court of Appeals" and that the purpose of the rule "'is to avoid unnecessary appeals by affording the trial judge an opportunity to rule intelligently on objections'" (quoting *State Highway Comm'r v. Easley*, 215 Va. 197, 201 (1974))); *Pui Ho v. Rahman*, 79 Va. App. 677, 688 (2024) ("To preserve an issue for appeal, the objecting party must state the objection and its grounds *with specificity*." (emphasis added)); *Hicks v. Commonwealth*, 71 Va. App. 255, 265-66 (2019) ("This rule applies even to constitutional claims.").

Rule 5A:18 does contain exceptions "for good cause shown or to enable this Court to attain the ends of justice," and here, mother seeks to invoke the "good cause" exception. She contends there is good cause to consider her due process arguments because her "fundamental right to parent her child was taken from her causing a permanent separation of the natural family unit." But "'"[g]ood cause" relates to the reason why an objection was not stated at the time of the ruling.' When a [party] has ample opportunity to bring [her] due process claim to the trial court's attention but fails to do so, the good cause exception does not apply." *Pope v. Commonwealth*, 60 Va. App. 486, 508 (2012) (quoting *Campbell v. Commonwealth*, 14 Va. App. 988, 996 (1992) (en banc)). Mother makes no argument on brief that she lacked opportunity to bring her due process claims to the circuit court's attention, and the record demonstrates she had ample opportunities to raise such issues—at trial, or by making specific written objections to the

circuit court's order, or by filing a motion for reconsideration—and failed to do so. We therefore reject mother's invocation of the "good cause" exception.

We further hold that the circuit court did not abuse its discretion in denying mother's motion for a continuance. "An abuse of discretion occurs 'only "when reasonable jurists could not differ"' as to the proper decision. This highly deferential standard of review 'necessarily implies that, for some decisions, conscientious jurists could reach different conclusions based on exactly the same facts—yet still remain entirely reasonable.'" *Hartley v. Bd. of Supervisors*, 80 Va. App. 1, 23 (2024) (quoting *Reston Hosp. Ctr., LLC v. Remley*, 63 Va. App. 755, 764 (2014)). A circuit court "has a range of choice, and its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Id.* (quoting *Reston Hosp. Ctr.*, 63 Va. App. at 765). "This bell-shaped curve of reasonability governing our appellate review rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." *Thomas v. Commonwealth*, 82 Va. App. 80, 118 (2024) (en banc) (quoting *Commonwealth v. Barney*, 302 Va. 84, 94 (2023)). "Suffice it to say, 'if nothing else,' the abuse-of-discretion standard 'means that the trial judge's ruling will not be reversed simply because an appellate court disagrees.'" *Reston Hosp. Ctr.*, 63 Va. App. at 765 (quoting *Thomas v. Commonwealth*, 44 Va. App. 741, 753, *adopted upon reh'g en banc*, 45 Va. App. 811 (2005)). Principally, a circuit court abuses its discretion if an error of law guides its decision, if it fails to consider "a relevant factor that should have been given significant weight . . . [or if] an irrelevant or improper factor is considered and given significant weight," or if "it commits a clear error of judgment, even [when] considering 'all proper factors, and no improper ones.'" *Diaz v. Commonwealth*, 80 Va. App. 286, 304 (2024) (quoting *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)).

Here, the record demonstrates that mother waited until "very close to th[e] time" of her afternoon hearing before telephoning her attorney's office to say she was sick and would not attend. The record does not indicate that mother made any effort to contact either her counsel or the court at any point earlier in the day to alert them to her impending non-appearance. She then became unavailable by phone despite efforts by both the circuit court and her counsel's office to reach her at the number from which she so recently had called. The record also lacks any indication that mother ever attempted to provide the court with documentation—such as a doctor's note or medical records—that her reported illness was so severe as to preclude her attendance at the hearing. The circuit court found that mother's conduct constituted a "fail[ure] to follow up on her case," a factual determination that, based on these facts and circumstances, was not plainly wrong. Additionally, in denying mother's motion for a continuance, the circuit court heard argument on the length of time M.L. had been in foster care—almost exactly three years at the time of the hearing—and noted that the case had been ongoing "for a long time." *See Simms*, 74 Va. App. at 464 (noting that "[t]he legislature has repeatedly expressed its intent that it is in the best interests of children to receive a permanent placement without languishing in the foster system"). Mother's failure to follow up on her case and the length of M.L.'s foster care placement were proper factors for the circuit court to consider in denying mother's motion for a continuance, and based on the record before us, we cannot say that no reasonable jurist would have denied the motion as the circuit court did here. We thus hold that the circuit court did not abuse its discretion as alleged by mother.

Mother offers several cases in urging a different result, but those cases are distinguishable or otherwise unconvincing. In *Miller v. Grier S. Johnson, Inc.*, 191 Va. 768, 773-74 (1951), our Supreme Court noted that "[a] motion for a continuance, based on the absence of a party litigant at the trial," presents an "important question." But the Court in *Miller* affirmed the denial of the

defendant's continuance motion even after, unlike mother here, the defendant provided the court with a doctor's certificate, holding that the defendant's evidence of illness was "not positive or convincing." *Id.* at 774-75. Likewise, the instant case is distinguishable from *Anthony v. Commonwealth*, 179 Va. 303 (1942), in which our Supreme Court found the circuit court had abused its discretion by denying the defendant's motion for a continuance based on the absence of two material witnesses. The defendant in *Anthony* had supported his motion with an affidavit of materiality of the witnesses, as well as two doctors' certificates attesting it was "impossible" for the witnesses to be present "on account of their physical condition." *Id.* at 306-07. The Supreme Court held it had been error for the circuit court to reject the certificates' truthfulness without further investigation where, unlike here, there was "not a scintilla of evidence in the record tending to show" that the continuance had been sought merely to prolong the case and "wear[] it out on the docket." *Id.* at 310, 309. And mother's reliance on *Myers* is likewise misplaced, since that case makes clear that a continuance should not necessarily be granted if, as in the instant case, there is reason to believe that the "alleged ground of the motion is feigned." *Myers*, 86 Va. at 842.

B. Withdrawal of Mother's Appeal

Mother argues the circuit court abused its discretion when it granted DSS's motion to treat her appeal from the JDR court as withdrawn. She contends that after denying her motion for a continuance, the circuit court should have proceeded to trial in her absence rather than "dismiss[ing]" her appeal pursuant to Code § 16.1-106.1(D). Mother acknowledges the circuit court's statutory authority to grant DSS's motion, but argues that "[i]n spite of the statute, due to the serious and permanent nature of termination of parental rights matters, it appears impossible for a trial court to reach a just decision without an evidentiary hearing."

Code § 16.1-106.1(D) provides, as noted above, that where a party who has appealed an order from a district court to the circuit court fails to appear in the circuit court for trial, upon the motion of any other party, the circuit court "may" enter an order treating the appeal as withdrawn. "[T]he 'highly permissive "may" language' endows the trial court with discretion," and thus we review the circuit court's application of the statute in the instant case for abuse of discretion. *Williams v. Boggess*, 80 Va. App. 569, 576 (2024) (quoting *Wal-Mart Stores E., LP v. State Corp. Comm'n*, 299 Va. 57, 70 (2020)).

Mother effectively asks this Court to craft a judicial exception to the plain statutory language of Code § 16.1-106.1 as enacted by the General Assembly: an exception holding that due to the grave consequences of the termination of parental rights, the provisions of subsection (D) of the statute are inapplicable to appeals in such cases, which should proceed to trial on the merits in the absence of the appealing party. *But see, e.g.*, *Cornell v. Benedict*, 301 Va. 342, 349 (2022) ("Virginia courts presume that the legislature chose, with care, the words it used when it enacted . . . [a] statute." (quoting *Tvardek v. Powhatan Vill. Homeowners Ass'n, Inc.*, 291 Va. 269, 277 (2016))); *Rush v. Univ. of Va. Health Sys.*, 64 Va. App. 550, 558 (2015) (noting it is "axiomatic that when the language of a statute is unambiguous, we are bound by that language and will not add words to the statute" that will expand its scope (quoting *Seguin v. Northrop Grumman Sys. Corp.*, 277 Va. 244, 248 (2009))). Mother has not preserved this argument, because she did not contest the interpretation or applicability of Code § 16.1-106.1(D) before the circuit court. Consequently, her argument is waived. *See* Rule 5A:18; *Maxwell*, 287 Va. at 264-65 (discussing the purpose of Rule 5A:18's contemporaneous objection requirement); *Pui Ho*, 79 Va. App. at 688 (noting that the grounds of a contemporaneous objection must be made with specificity); *Hicks*, 71 Va. App. at 265-66 (noting that Rule 5A:18 applies even to bar constitutional claims).

Mother seeks to invoke the "ends of justice" exception to Rule 5A:18, arguing it applies because "a miscarriage of justice occurred when the [circuit] court did not proceed with an evidentiary hearing . . . which resulted in a loss of her fundamental right" to parent her child. But the "ends of justice" exception does not apply here. That exception "'is narrow and is to be used sparingly,' and applies only in the extraordinary situation where a miscarriage of justice has occurred." *Conley v. Commonwealth*, 74 Va. App. 658, 682 (2022) (quoting *Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (en banc)). Thus, "[i]n order to avail oneself of the exception, [the appellant] must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." *Id.* at 683 (second alteration in original) (quoting *Holt*, 66 Va. App. at 210). And to meet that burden, mother must demonstrate that the error she alleges "clearly had an effect upon the outcome of the case." *McDuffie v. Commonwealth*, 49 Va. App. 170, 178 (2006) (quoting *Brown v. Commonwealth*, 8 Va. App. 126, 131 (1989)). Yet on brief, mother merely asserts that the circuit court's failure to proceed to trial in her absence "resulted" in the loss of her residual parental rights. She makes no specific argument, and points to no evidence in the record, to demonstrate that had the court proceeded to trial in her absence, the outcome would have been any different—i.e., that she would have prevailed and retained her residual parental rights, and thus prevented a miscarriage of justice. Without sufficient evidence and argument from mother affirmatively demonstrating the alleged error affected her case's outcome and caused such a miscarriage, we reject mother's "ends of justice" argument.

Because mother failed to preserve her argument on this issue, and because the ends of justice exception to Rule 5A:18's procedural bar does not apply, we reject mother's contention that the circuit court abused its discretion by granting DSS's motion.

## III.  CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment.

*Affirmed.*