COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Petty, Huff and Senior Judge Annunziata
Argued at Lexington, Virginia

KEITH BOATRIGHT

v.        Record No. 0789-14-3

WISE COUNTY DEPARTMENT
 OF SOCIAL SERVICES

OPINION BY
JUDGE GLEN A. HUFF
NOVEMBER 12, 2014

FROM THE CIRCUIT COURT OF WISE COUNTY
Chadwick S. Dotson, Judge

Charles Herbert Slemp, III (Slemp Law Office, PLLC, on briefs),
for appellant.

Jeremy B. O'Quinn; Stephanie Kern, Guardian *ad litem* for the
minor child (The O'Quinn Law Office, P.L.L.C., on brief), for
appellee.

Keith Boatright ("father") appeals a final order entered by the Circuit Court for Wise

County ("circuit court") terminating father's parental rights on April 15, 2014.   On appeal,

father asserts four assignments of error:

1.  The [circuit] court erred in denying the motion to reverse and remand the case
    to juvenile court for scheduling defects in violation of Code § 16.1-296(D).

2.  The [circuit] court erred in granting a continuance on January 30, 2014 at the
    request of the Department and over [father]'s objection.

3.  The [circuit] court erred in denying the motion to reconsider and terminating
    parental rights when the court failed to consider any evidence concerning the
    foster care plan, failed to make any rulings that the foster care plan should be
    approved, and failed to enter a separate permanency planning order.

4.  The [circuit] court erred in denying the motion to reconsider and terminating
    parental rights because the court relied on the stipulations of the parties
    instead of hearing testimony of the facts of the case, failed to give [father] an
    opportunity to testify and present evidence and because the father's stipulation

to the Department's proffer was revoked when he exercised his right to the revocation of the entrustment agreement.

For the following reasons, this Court affirms the circuit court's rulings.

## I. BACKGROUND

"When reviewing a [circuit] court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003). "That principle requires us to 'discard the evidence' of [father] which conflicts, either directly or inferentially, with the evidence presented by the [Department] at trial." Id. (quoting Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002)). So viewed, the evidence is as follows.

Father is the biological father of C.B., who was born on May 16, 2004. Initially, C.B. was in the custody of his mother, Donna Boatright ("mother"); however, due to mother's apparent drug abuse, C.B. was removed from mother and placed with father. During C.B.'s placement with father, father "was found to be intoxicated with [C.B.] . . . [and] continued alcohol abuse." C.B. was removed from father's custody and placed in foster care in April 2012.

On April 17, 2012, the Wise County Department of Social Services ("Department") filed a petition alleging abuse and neglect. An emergency removal order was entered by the juvenile and domestic relations district court ("JDR court") on April 17, 2012. On April 19, 2012, the JDR court entered a preliminary removal order. On May 15, 2012, the JDR court entered an adjudicatory order finding abuse and neglect of C.B., as defined in Code § 16.1-228, against father.

On June 12, 2012, an initial foster care service plan was filed with the goal of "[r]eturn to [o]wn [h]ome." On June 26, 2012, a dispositional hearing was held before the JDR court and the

initial foster care service plan was approved. On November 30, 2012, the Department submitted another foster care plan with the goal of "[r]eturn to [o]wn [h]ome," which the JDR court approved and entered on December 18, 2012. Additionally, the JDR court set a permanency planning hearing for June 19, 2013.

On June 14, 2013, the Department filed a petition for a permanency hearing with a new foster care plan and filed a petition for the termination of the parental rights of father and mother. The new foster care plan changed the goal from "[r]eturn to [o]wn home" to "[a]doption." At the request of the Department, the permanency hearing was continued until August 20, 2013.

On August 20, 2013, the JDR court entered orders for involuntary termination of parental rights of father and mother, approving the foster care plan with the goal of adoption. Father appealed the orders to the circuit court on August 20, 2013.[1] The circuit court set a hearing date for January 30, 2013. At the hearing, the Department moved for a continuance because a witness had recently undergone a medical procedure and was unable to testify. The circuit court informed the Department that the trial date was "supposed to have been set within 90 days of perfection of the appeal. And, we're past that time." In response to the Department's motion, father proposed the Department start presenting its evidence and then "see how we're doing at five o'clock, and if they're not finished, and they've not called two witnesses, I wouldn't be opposed to let's pick a date in the next week or two and finish up." After the circuit court informed the parties that the next available date was six weeks away, father responded "we're ready whether it's today, whether it's two weeks, whether it's two months . . . we don't necessarily object to the continuance. If the Department wants to give him more time, he is willing to work with the Department on more time." The circuit court ordered that the hearing

---

[1] Mother also appealed on August 27, 2013.

- 3 -

be continued to March 19, 2014. On March 17, 2014, father filed a motion to reverse and remand the matter to the JDR court due to scheduling defects in violation of Code § 16.1-296(D).

On March 19, 2013, the matter came before the circuit court. At trial, the Department stated

> both of the parents have agreed to enter into trust—entrustment agreements, which would voluntarily terminate their parental rights through an agreement with the potential adoptive parents for continuing contact basically with the children. What we've agreed to do is, I'm going to proffer to the Court what the Department's evidence would be in the event either party would revoke their entrustment agreement. There would already be a record of what our evidence would be and a stipulation by both – both Mother and Father as to what the evidence would be. So, maybe if they were to revoke their entrustment agreement, [I] wouldn't have to bring all of these people back that we have here today.

As a condition of the entrustment agreement, both father and mother stipulated to the facts presented by the Department.[2] On March 25, 2014, the circuit court entered an order remanding the case to the JDR court.

On March 26, 2014, father exercised his right to revoke the entrustment agreement. A hearing was set to review the matter before the circuit court on April 9, 2014. At that hearing the circuit court ruled that father's residual parental rights would be terminated, based on the evidence included in the stipulations. Moreover, on April 10, 2014, the circuit court entered an order rescinding its earlier remand order.

On April 15, 2014, the circuit court entered a final order for involuntary termination of father's parental rights. Father filed a written motion to reconsider on April 15, 2014. After hearing arguments on April 18, 2014, the circuit court denied father's motion to reconsider by order entered on April 28, 2014. This appeal followed.

---

[2] Specifically, counsel for father stated "while as difficult as this may be, he wants to put on the record that he does stipulate that facts are sufficient to terminate . . . ."

- 4 -

## II. STANDARD OF REVIEW

"When addressing matters concerning a child, including the termination of a parent's residual parental rights, the paramount consideration of a trial court is the child's best interest." Logan v. Fairfax Cnty. Dep't of Hum. Servs., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991). "'In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Id. (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)). The circuit court's judgment will not be disturbed on appeal unless plainly wrong or without evidence to support it. Id. "A preponderance-of-the-evidence standard governs judicial review of the foster care plan recommendations . . . ." Najera v. Chesapeake Div. of Soc. Servs., 48 Va. App. 237, 240, 629 S.E.2d 721, 722 (2006).

## III. ANALYSIS

### A. Code § 16.1-296(D)

On appeal, father asserts the circuit court erred in denying the motion to reverse and remand the case to juvenile court for scheduling defects in violation of Code § 16.1-296(D). Specifically, father argues this issue presents a case of first impression and the circuit court misapplied the rules for calculation of review time which are analogous to the criminal speedy trial rules. The Department responds that father did not demonstrate he suffered prejudice as the result of the circuit court's failure to hear the case within 90 days of father's appeal.

Code § 16.1-296(D), in pertinent part, provides "When an appeal is taken in a case involving termination of parental rights brought under § 16.1-283, the circuit court shall hold a hearing on the merits of the case within 90 days of the perfecting of appeal." As a threshold issue, this Court must determine whether the statutory language is mandatory or merely directory and procedural.

- 5 -

"Where a statute contains 'prohibitory or limiting language,' the statute is mandatory, and a court cannot exercise its subject matter jurisdiction if the requirements of the statute have not been met." Marrison v. Fairfax Cnty. Dep't of Family Servs., 59 Va. App. 61, 68, 717 S.E.2d 146, 149 (2011) (quoting Jamborsky v. Baskins, 247 Va. 506, 511, 442 S.E.2d 636, 638-39 (1994)). "In contrast, where a statutory directive is merely directory and procedural, as opposed to mandatory and jurisdictional, failure to comply with the statutory requirement does not necessarily divest the court of the power to exercise its subject matter jurisdiction." Id. at 68, 717 S.E.2d at 149-50 (citing Jamborsky, 247 Va. at 511, 442 S.E.2d at 638-39). Moreover, the Supreme Court has held "that 'the use of "shall," in a statute requiring action by a public official, is directory and not mandatory unless the statute manifests a contrary intent.'" Id. at 69, 717 S.E.2d at 150 (quoting Jamborsky, 247 Va. at 511, 442 S.E.2d at 638). Furthermore, "the failure to follow a procedural requirement will not prevent a court from exercising its subject matter jurisdiction unless a party can show 'some harm or prejudice caused by the failure' to follow the procedural requirement." Id. at 68-69, 717 S.E.2d at 150 (quoting Carter v. Ancel, 28 Va. App. 76, 79, 502 S.E.2d 149, 151 (1998)).

Code § 16.1-296(D) requires the circuit court to hear an appeal within 90 days. The context in which the statute utilizes the directory "shall" language, demonstrates that the statutory language is procedural and not mandatory. Although not binding upon this Court, an unpublished opinion persuasively suggests that "Code § 16.1-296(D) 'is not prohibitive or limiting, and does not contain any manifestation of contrary intent . . . .'" Daniels v. Culpeper Cnty. Dep't of Soc. Servs., No. 1133-13-4, 2013 Va. App. LEXIS 328, at *6 (Va. Ct. App. Nov. 12, 2013) (quoting Marrison, 59 Va. App. at 70, 717 S.E.2d at 150). Accordingly, Code § 16.1-296(D) is procedural and will not prevent the circuit court from exercising its subject matter jurisdiction absent some showing of harm or prejudice.

In the current matter, father cannot demonstrate he suffered harm or prejudice after the circuit court granted the Department's motion for a continuance on January 30, 2014. At trial, the circuit court informed the Department that the hearing was "supposed to have been set within 90 days of perfection of the appeal. And, we're past that time." Father, however, did not object to the continuance; instead he suggested that the circuit court "see how we're doing at five o'clock, and if they're not finished, and they've not called two witnesses, I wouldn't be opposed to let's pick a date in the next week or two and finish up." Moreover, when the circuit court determined that the next available date for trial would be seven months after father's perfection of appeal, father nevertheless acquiesced to the continuance. Despite the circuit court's reluctance to continue the case, father expressly informed the circuit court that "we don't necessarily object to the continuance."

Thus, this Court finds no error by the trial court's decision to grant the Department's motion to continue the case until March 19, 2014. Similarly, therefore, the trial court committed no error in denying the motion to reverse and remand the case to JDR court due to scheduling defects in violation of Code § 16.1-296(D).

B. Motion to Continue

Next, father contends the circuit court erred by granting a continuance on January 30, 2014 at the request of the Department and over his objection. Specifically, father argues the trial court abused its discretion because the continuance allowed the Department to subpoena additional witnesses and gather additional evidence, which prejudiced father. The Department argues that father cannot establish he was prejudiced by the continuance.

On appeal, "a circuit court's ruling on a motion for a continuance will be disturbed only if that ruling was plainly erroneous and the circuit court abused its discretion." Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 33, 645 S.E.2d 261, 264 (2007) (citing

Bryant v. Commonwealth, 248 Va. 179, 182, 445 S.E.2d 667, 669 (1994)). Moreover, "'the granting or refusal of a continuance is always addressed to the sound discretion of the [circuit] court, and to entitle a party to a reversal on that ground it must be clearly shown that the court abused its discretion and that injury resulted to the party complaining from abuse.'" Rosenberger v. Commonwealth, 159 Va. 953, 957, 166 S.E. 464, 465 (1932) (quoting Virginia Iron, Coal & Coke Co. v. Kiser, 105 Va. 695, 697, 54 S.E. 889, 889 (1906)). The Supreme Court has previously determined that

> [t]he circuit court's ruling on a motion for a continuance will be rejected on appeal only upon a showing of abuse of discretion and resulting prejudice to the movant. Additionally, in the application of these principles, we will be guided by our holding over a century ago in Myers v. Trice, 86 Va. 835, 842, 11 S.E. 428, 430 (1890), that when a circuit court's refusal to grant a continuance "seriously imperil[s] the just determination of the cause," the judgment must be reversed

Haugen, 274 Va. at 34, 645 S.E.2d at 265.

In the current matter, father argues the prejudice he suffered is clear from the record. Father contends that he was prejudiced because the Department only subpoenaed two witnesses to the January 30, 2014 trial but subpoenaed eleven witnesses to court for the March 19, 2014 trial. Father offers no case law in support of this argument. Prejudice is not shown merely by the number of witnesses under subpoena. Of greater import here, moreover, is the fact that father failed to clearly object to the Department's motion for a continuance at the January 30, 2014 trial, stating "we don't necessarily object to the continuance." Father acquiesced to the Department's motion to continue, thereby foregoing any issue with the circuit court's continuance. "This Court has stated that a party may not 'in the course of the same litigation occupy inconsistent positions.'" Matthews v. Matthews, 277 Va. 522, 528, 675 S.E.2d 157, 160 (2009) (quoting Hurley v. Bennett, 163 Va. 241, 252, 176 S.E. 171, 175 (1934)). Acquiescence

to the continuance forecloses an attempt on appeal to claim an abuse of discretion. Accordingly, father has neither established an abuse of discretion, nor a resulting prejudice.

Consequently, father has failed to demonstrate the circuit court's granting of the Department's motion to continue "'seriously imperil[ed] the just determination of [his] cause.'" Haugen, 274 Va. at 34, 645 S.E.2d at 265 (quoting Myers, 86 Va. at 842, 11 S.E. at 430). Accordingly, the circuit court did not abuse its discretion by granting a continuance on January 30, 2014 at the request of the Department.

### C. Foster Care Plan & Permanency Planning Order

Next, father asserts that the circuit court erred in terminating father's parental rights when it did not consider any evidence concerning the foster care plan or enter a separate permanency planning order. Specifically, father argues that the initial approval of the goal change was annulled by his *de novo* appeal of the JDR court's August 20, 2013 order and the circuit court never addressed the goal change, permanency planning order, or foster care plan on appeal. The Department contends that the circuit court strictly followed the statutory scheme under Code §§ 16.1-281 and -283.

Code § 16.1-283(A) provides "no petition seeking termination for residual parental rights shall be accepted by the court prior to the filing of a foster care plan, pursuant to § 16.1-281. . . ." This Court has stressed the importance of following the statutory procedures outlined in Code § 16.1-283 by stating "[t]hese procedures must be strictly followed before the courts are permitted to sever the natural and legal bond between parent and child." Rader v. Montgomery Cnty Dep't of Soc. Servs., 5 Va. App. 523, 526, 365 S.E.2d 234, 236 (1988). Further, only

> after the filing of a foster care plan which documents termination
> of residual parental rights as being in the best interests of the child,
> and after proper notice to the parents and an opportunity to be
> heard, the courts may terminate residual parental rights based on

specified statutory factors, such as abuse, neglect, or failure to provide essential needs of the child.

Id. Moreover, "'it is implicit in the statutory scheme . . . that the natural parent, at subsequent hearings concerning that child, is entitled to prior and specific notice of the disposition sought by the agency in whose custody a child has been placed.'" Strong v. Hampton Dep't of Soc. Servs., 45 Va. App. 317, 321 610 S.E.2d 873, 875 (2005) (quoting Martin v. Dep't of Soc. Servs., 3 Va. App. 15, 22, 348 S.E.2d 13, 17 (1986)).

In the current matter, the record establishes that the circuit court strictly complied with the statutory procedures relating to the foster care plan under Code § 16.1-281, *et. seq.*[3] The Department filed the last foster care plan with the JDR court on June 10, 2013 with the program goal of "[a]doption." Thereafter, father filed a *de novo* appeal to the circuit court. Before the circuit court on March 19, 2014, the Department explained, without objection, the last foster care plan. By agreement, the Department proffered that in June 2012, "the initial foster care plan was entered" but both father and mother failed to comply with the requirement that they abstain from alcohol and drugs and seek specific services to help them with their substance abuse problems.

The Department then cited several specific instances where father violated the foster care plan and offered evidence of C.B.'s academic progress since entering foster care. Furthermore, father conceded that "there has been some alcohol issues that he's working on" and the "facts are sufficient to terminate [his parental rights.]" After hearing the evidence, the circuit court entered an order terminating father's parental rights. The order provided in part, "[a] foster care plan, which documents termination of parental rights as being in the best interests of the child, has been filed pursuant to Virginia Code § 16.1-281 and has been approved by the Court."

---

[3] Code § 16.1-283 does not require that there be a separate foster care order from the termination order entered by the circuit court, which father appears to argue.

Accordingly, the circuit court committed no error because it followed the express language of Code §§ 16.1-281 and -283.

D. Entrustment Agreement

Next, father contends that the circuit court erred when it relied on the stipulation of counsel in order to terminate parental rights and refused to give father an opportunity to testify or present evidence. Specifically, father argues that the circuit court should have required the Department to present evidence and allow him to testify at trial because he exercised his right to revoke the entrustment agreement. The Department contends that there was not an agreement between the parties that the stipulations would be revoked upon father's revocation of the entrustment agreement.

Code § 63.2-1223 states "A valid entrustment agreement terminating all parental rights and responsibilities to the child shall be revocable by either of the birth parents until (i) the child has reached the age 10 days and (ii) seven days have elapsed from the date of execution of the agreement." The Code does not indicate that stipulations made in connection with an entrustment agreement are revoked in the event that the entrustment agreement is revoked. Rather, the Supreme Court has held that "if the stipulation was agreed to, there can be no objection to it." Burke v. Gale, 193 Va. 130, 137, 67 S.E.2d 917, 920 (1951).

At trial on March 19, 2014, the parties presented stipulations along with an entrustment agreement. The Department stated, without objection from father, that

> What we've agreed to do is, I'm going to proffer to the Court what the Department's evidence would be in the event either party would revoke their entrustment agreement. There would already be a record of what our evidence would be and a stipulation . . . . So, maybe if they were to revoke their entrustment agreement, [I] wouldn't have to bring all of these people back that we have here today.

- 11 -

Moreover, after the stipulation was entered, father stipulated to additional facts and conceded that the "facts are sufficient to terminate." Appellant could have presented additional evidence or added to the stipulation before the stipulation was entered but elected not to do so. Consequently, the circuit court did not err in relying on the stipulations in terminating father's parental rights.

## IV. CONCLUSION

This Court finds that the circuit court did not err by denying father's motion to reverse and remand for scheduling defects in violation of Code § 16.1-296(D). Additionally, this Court finds that the circuit court did not abuse its discretion in granting the Department's motion to continue. Next, this Court finds that the circuit court did not err by failing to consider evidence concerning an additional foster care plan or enter a separate permanency planning order. Lastly, this Court finds that the circuit court did not err by relying on the Department's stipulations in order to terminate father's parental rights. Therefore, the rulings of the circuit court are affirmed.

<u>Affirmed.</u>