COURT OF APPEALS OF VIRGINIA

Present: Judges McCullough, Decker and Senior Judge Felton

RANDALL PEAKS

MEMORANDUM OPINION*

v.      Record No. 0425-15-3          PER CURIAM
                                      JULY 14, 2015

WISE COUNTY DEPARTMENT
 OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF WISE COUNTY
John C. Kilgore, Judge

(Anna Maria Midence; Midence Law Firm PLLC, on brief), for
appellant.

(Jeremy B. O'Quinn; Hugh O'Donnell, Guardian *ad litem* for the
infant children; The O'Quinn Law Office, P.L.L.C., on brief), for
appellee.


Randall Peaks (father) appeals the termination of his parental rights to his children pursuant

to Code § 16.1-283(B), 16.1-283(C)(1), and 16.1-283(C)(2).  Father argues the trial court erred in

terminating his rights (1) even though the Wise County Department of Social Services (DSS) had

not strictly complied with the foster care plan's listed target date of completion; (2) when DSS

failed to comply with its ongoing mandate to find a suitable relative placement; (3) when it admitted

into evidence medical records of a son over a hearsay objection; (4) by not remanding the case to

the juvenile and domestic relations district court (JDR court) due to scheduling defects in violation

of Code § 16.1-296(D); and (5) in holding that DSS provided reasonable and appropriate services to

him.  Father concedes he failed to preserve assignments of error 1, 2, and 4 and invokes the ends of

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

justice exception. Upon reviewing the record and briefs of the parties, we conclude this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

## ENDS OF JUSTICE EXCEPTION TO RULE 5A:18

"[T]he ends of justice exception is narrow and is to be used sparingly." Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989). "In order to avail oneself of the [ends of justice] exception, a [party] must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997). The trial error must be "clear, substantial and material." Brown, 8 Va. App. at 132, 380 S.E.2d at 11. Here, the record falls far short of affirmatively demonstrating a miscarriage of justice as to assignments of error numbered 1, 2, and 4.

## ASSIGNMENT OF ERROR 1

Father argues the foster care plan provided for a target completion date of November 30, 2014, but the JDR court granted DSS's petition for termination on October 14, 2014, which was approximately six weeks prior to the target completion date. Father contends he was not allowed the full length of time to make substantial progress towards remedying the conditions that created the removal.

Code § 16.1-283(C)(2) provides that a court may terminate the parental rights if the parent has been "unwilling or unable within a reasonable period of time not to exceed 12 months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement." In this case, father's children were placed in foster care on August 31, 2013 and DSS filed the petition to terminate his parental rights in September 2014. Father appealed the JDR court's termination decision and the circuit court conducted a *de novo* trial on January 21, 2015, which was well past the November 30, 2014 target date for completion. During the January 21, 2015 termination hearing, father admitted that he had

not completed a psychological evaluation, that he had not spoken to Behavioral Health Services concerning his requirement to complete moral recognition therapy, and that he had a substance abuse problem, but he had not done anything to address the problem. Based upon a review of the record, father has failed to demonstrate a miscarriage of justice.

## ASSIGNMENT OF ERROR 2

Father's sister initially took custody of the children, but at a certain point, father's sister was no longer willing to remain as a relative placement. Instead, father's sister wanted a foster care placement as she was unwilling to accept relative placement with the parental rights of father remaining in place due to father's behavior. Father argues DSS failed to investigate other relatives after his sister decided she was no longer willing to be a relative placement. According to the evidence, father's mother and one of his brothers are deceased and father's other brother is incarcerated. There is no other evidence in the record of additional possible relatives to take custody of the children. DSS was not required to investigate the home of every relative of a child. See Sauer v. Franklin Cnty. Dep't of Soc. Servs., 18 Va. App. 769, 771, 446 S.E.2d 640, 641-42 (1994) (finding that DSS has an affirmative duty to investigate all reasonable options for placement with immediate relatives, but does not have a duty to investigate the home of every relative of the children, however remote, as a potential placement). Based upon a review of the record, father has failed to demonstrate a miscarriage of justice.

## ASSIGNMENT OF ERROR 4

Father argues the trial court erred by not remanding the case to JDR court because his appeal in the circuit court was heard more than ninety days after he noted his appeal, in violation of Code § 16.1-296(D). Father contends he was harmed by the delay because it weakened his parental bond with his children.

"Code § 16.1-296(D) is procedural and will not prevent the circuit court from exercising its subject matter jurisdiction absent some showing of harm or prejudice." Boatright v. Wise County Dep't of Soc. Servs., 64 Va. App. 71, 81, 764 S.E.2d 724, 729 (2014).

The termination hearing in circuit court was initially set for January 6, 2015, was continued to January 12, 2015, and continued without objection to January 21, 2015. The circuit court granted the continuance on January 12, 2015 because the mother of the children requested time to perfect her appeal of the termination of her parental rights by the JDR court and the circuit court termination hearing on January 21, 2015 involved both parents. The termination hearing occurred ninety-two days after father perfected his appeal. Father admitted at the termination hearing that he missed scheduled visits with his children. Jessica Gullett, a social worker with DSS, testified father had twenty-six scheduled visits with the children between October 2013 and September 2014 but attended only eight visits. Gullett testified, except for one visit rescheduled due to the weather, father did not call in advance to say that he was unable to make the visit. Given the number of scheduled visits that father missed, father has failed to show any harm or prejudice to his parental bond with his children due to the short delay in conducting the termination hearing in circuit court. Based upon a review of the record, father has failed to demonstrate a miscarriage of justice.

### THE ADMISSION OF THE MEDICAL RECORDS

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

So viewed, the evidence proved that in June 2013, Tiffany Sanders, a child protective supervisor with DSS, received complaints of drug use and lack of electricity in father's home. On numerous days from June through August 2013, Sanders attempted home visits to investigate the complaints. After repeated unsuccessful attempts to investigate the complaints, Sanders obtained an

emergency removal order and DSS took custody of father's children, R.P. and J.P., on August 31, 2013. At a preliminary removal hearing on September 3, 2013, father appeared and underwent a drug test, which was positive for Suboxone. Sanders testified she received information that J.P., who was born on June 29, 2013, was transferred shortly after his birth to a medical center due to withdrawal symptoms. Sanders testified she obtained certified medical records from the Appalachian Regional Healthcare. Father objected to the admission of the medical records and argued they were hearsay. DSS argued the records were admissible as a business record exception and they were not being admitted for their truth, but to show what actions Sanders took after reviewing the records. The trial judge admitted the medical records into evidence as a business record exception and as a basis for Sanders' continued investigation.

On appeal, father argues the trial judge erred in admitting the medical records as a business record exception because DSS did not follow the proper procedure in certifying the medical records under Rule 2:902(6)(b) and failed to file the medical records fifteen days prior to the termination hearing.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. An appellate court will not consider an argument on appeal different from one raised at trial even if it is related to the same issue. Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994).

At the termination hearing, father's objection was hearsay and he never argued that the medical records were not properly certified under Rule 2:902(6)(b) so as to be admissible as a business record exception. Accordingly, Rule 5A:18 bars our consideration of this assignment of error. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

<u>REASONABLE SERVICES TO FATHER</u>

Father argues DSS failed to provide him with reasonable and appropriate efforts to assist him in remedying the issues which led to his children being removed from the home as required by Code § 16.1-283(C)(2).  He contends DSS failed to provide meaningful assistance in terms of transportation and financial assistance so that he could complete the required services.

On appeal, father challenges the termination of his parental rights under Code § 16.1-283(C), but not under Code § 16.1-283(B).  Terminations under Code § 16.1-283(B) and the subsections of Code § 16.1-283(C) provide distinct, "individual bases upon which a petitioner may seek to terminate residual parental rights."  <u>City of Newport News Dep't of Soc. Servs. v. Winslow</u>, 40 Va. App. 556, 563, 580 S.E.2d 463, 466 (2003).  Father's failure to challenge the termination under Code § 16.1-283(B) renders moot his claim regarding the termination under Code § 16.1-283(C), and we need not consider it.  <u>See</u> <u>Winslow</u>, 40 Va. App. at 563, 580 S.E.2d at 466.

<u>CONCLUSION</u>

Accordingly, we summarily affirm the decision of the trial court.  <u>See</u> Rule 5A:27.

<u>Affirmed.</u>