UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present: Judges Alston, Chafin and Senior Judge Haley


DOMINIQUE TIARA NASH

v.     Record No. 0455-17-4

ARLINGTON COUNTY DEPARTMENT
 OF HUMAN SERVICES

MEMORANDUM OPINION* BY
JUDGE TERESA M. CHAFIN
NOVEMBER 28, 2017


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Daniel S. Fiore, II, Judge

(Dusty Sparrow Reed, on briefs), for appellant. Appellant
submitting on briefs.

(Karen M. Grane, Assistant County Attorney; Shirley Norman
Taylor, Guardian *ad litem* for the minor child; Ellen M. Dague,
Guardian *ad litem* for appellant, on brief), for appellee. Appellee
and guardians *ad litem* submitting on brief.


Dominique Tiara Nash appeals the February 23, 2017 decision of the Circuit Court of

Arlington County (the circuit court) terminating her residual parental rights as to her son, J.N.

Nash presents three assignments of error on appeal. First, she contends that the circuit court

erred by terminating her parental rights pursuant to Code § 16.1-283(B)(2) because the record

established a finding that J.N. was "at-risk of neglect" rather than abused or neglected. Second,

she argues that the circuit court erred in finding sufficient evidence to terminate her parental

rights pursuant to Code § 16.1-283(C) because the evidence did not establish that she was

unwilling or unable to remedy the conditions that led to J.N.'s placement in foster care, or that

the Arlington County Department of Human Services (DHS) made reasonable and appropriate

efforts to assist her in doing so. Finally, Nash also argues that the circuit court erred in denying

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

her motion for visitation when her residual parental rights were erroneously terminated. For the reasons that follow, we affirm the circuit court's decision.

## I. BACKGROUND

"When reviewing a [circuit] court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Boatright v. Wise Cty. Dep't of Soc. Servs., 64 Va. App. 71, 76, 764 S.E.2d 724, 727 (2014) (quoting Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003)). Following a report in August 2015 that Nash was using and selling drugs from her home, Child Protective Services (CPS) initiated a safety plan with Nash wherein she agreed that neither she nor anyone else would use or possess drugs or alcohol in the presence of J.N., Nash's infant son. Nash also agreed to ongoing services from CPS.

The following month, CPS received a new report regarding drugs in the home and an episode of domestic violence. After a home visit on September 10, 2015, CPS Investigator Jacque Tuck informed Nash that because of her failure to comply with the safety plan, and because of concerns regarding Nash's CPS history and prior decision-making, CPS would be removing J.N. from the home. Eight-month-old J.N. was temporarily placed in foster care, and DHS identified the reason as exposure to domestic violence and substance abuse in the home.

On October 6, 2015, the Juvenile and Domestic Relations District Court for Arlington County (juvenile court) determined that J.N. was at risk of being neglected by Nash. At a dispositional hearing on November 6, 2015, the juvenile court ordered that custody of J.N. be transferred to DHS and it approved the submitted foster care services plan establishing concurrent goals of relative placement or returning J.N. home.

The plan identified several things Nash needed to accomplish to return J.N. to her care, including: 1) undergo a substance abuse program and follow any recommendations,

- 2 -

2) participate in the Victim Intervention Program in order to understand "the dynamics of domestic violence and its impact on children," 3) demonstrate her commitment to keeping J.N. safe by developing healthy relationships and positive communication skills, 4) complete a parenting class, 5) attend weekly supervised visits with J.N. to offer the structure and consistency necessary for his emotional development, 6) obtain employment in order to support herself and J.N. financially, 7) maintain appropriate housing, and 8) attend all court hearings and participate in meetings pertaining to her services.

Nash completed the parenting class, participated in team meetings regarding her services, and completed a substance abuse assessment, which referred her for a separate mental health assessment. She also attended supervised visits with J.N. when transportation was available, but she did not progress to unsupervised visits. After losing her housing voucher in January 2016, Nash entered homeless shelters for brief periods of time, but remained homeless throughout the duration of the termination proceedings. As such, her individual therapy sessions focused on case management more than her therapy needs, and her attendance began to decline over time. Nash also failed to present evidence of consistent employment or a reliable source of income.

Following a hearing on July 7, 2016, a permanency planning order was entered approving a permanent goal of adoption. The juvenile court determined that termination of parental rights was in J.N.'s best interests and directed DHS to file a petition in support of doing so. On November 10, 2016, the juvenile court terminated Nash's residual parental rights pursuant to Code § 16.1-283(B) and 16.1-283(C).

On appeal to the circuit court, the court concluded that Nash failed to remedy the conditions that led to J.N.'s placement in foster care despite the substantial services offered by DHS. The circuit court further concluded that J.N. "was neglected, and it [was] not reasonably

likely that the conditions which resulted in such neglect can be substantially corrected or eliminated so as to allow [his] safe return to [Nash] within a reasonable period of time."

As the circuit court concluded that Nash had been unable to substantially remedy the conditions that led to J.N.'s placement in foster care within a reasonable time notwithstanding the reasonable and appropriate services offered by DHS, it terminated her residual parental rights pertaining to J.N. pursuant to Code § 16.1-283(B) and 16.1-283(C). This appeal followed.

II. ANALYSIS

First, Nash argues that, absent a finding of abuse or neglect from the J&DR court, the circuit court erred in ordering the termination of Nash's residual parental rights where it "did not have the authority to make a finding of 'neglect' because the . . . finding that J.N. was 'at-risk of neglect' was not appealed." Next, Nash argues that the circuit court erred by concluding that she was unwilling or unable to remedy the conditions that led to J.N. being placed in foster care, or that the Department made reasonable and appropriate efforts to help her do so. Finally, she argues that because her residual parental rights were erroneously terminated, her motion for visitation was therefore improperly denied. We disagree.

"When reviewing a termination of a parent's residual parental rights, it would be unfitting to not acknowledge that '[t]he termination of parental rights is a grave, drastic and irreversible action.'" Farrell v. Warren Cty. Dep't of Soc. Servs., 59 Va. App. 375, 400, 719 S.E.2d 329, 341 (2012) (quoting Helen W. v. Fairfax Cty. Dep't of Human Dev., 12 Va. App. 877, 883, 407 S.E.2d 25, 28-29 (1991)). "In matters of a child's welfare, [circuit] courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests." Thach v. Arlington Cty. Dep't of Human Servs., 63 Va. App. 157, 168, 754 S.E.2d 922, 927 (2014) (quoting Logan v. Fairfax Cty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991)). "When reviewing a decision to terminate parental rights, we presume the

circuit court 'thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 265-66, 616 S.E.2d 765, 769 (2005) (quoting Fields v. Dinwiddie Cty. Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005)). "Where the circuit court's judgment is based on evidence heard *ore tenus*, its decision to terminate a parent's rights is entitled to great weight and [the decision] 'will not be disturbed on appeal unless [it is] plainly wrong or without evidence to support it.'" Thach, 63 Va. App. at 168-69, 754 S.E.2d at 927-28 (quoting Logan, 13 Va. App. at 128, 409 S.E.2d at 463).

A. THE CIRCUIT COURT WAS PERMITTED UPON *DE NOVO* REVIEW TO FIND THAT J.N. WAS ABUSED OR NEGLECTED

Nash contends that the circuit court could not order termination of her parental rights pursuant to Code § 16.1-283(B) absent a finding of neglect in the juvenile court.[1] She concedes that she failed to present this argument to the circuit court. Nevertheless, she asks this Court to reach the issue by applying the ends of justice exception to Rule 5A:18. We decline to do so.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. When a party fails to object to a court's ruling, this Court is permitted upon request to consider the ruling "as a basis for reversal . . . to attain the ends of justice." Rule 5A:18. "The ends of justice exception is narrow[,] is to be used sparingly," and is to be invoked when an error is "clear, substantial and material." Redman v. Commonwealth, 25 Va. App. 215, 220-21, 487 S.E.2d 269, 272 (1997) (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 10-11 (1989)). "In order to avail oneself of the exception, a defendant must

---

[1] To the extent Nash challenges the juvenile court's termination decision on the basis of finding J.N. was "at-risk of neglect" as opposed to abused and neglected, such a challenge is beyond the jurisdiction of this Court and we will not consider it. See Code § 17.1-405.

affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Le v. Commonwealth, 65 Va. App. 66, 73, 774 S.E.2d 475, 479 (2015) (quoting Redman, 25 Va. App. at 221, 487 S.E.2d at 272).

"We have repeatedly held that an appeal to the circuit court from a court not of record . . . annuls the judgment of the inferior tribunal as completely as if there had been no previous trial . . . ." Walker v. Dep't of Pub. Welfare, 223 Va. 557, 563, 290 S.E.2d 887, 890 (1982). Thus, "an appeal from the juvenile court must be heard *de novo* by the circuit court." Fairfax Cty. Dep't of Family Servs. v. D.N., 29 Va. App. 400, 406, 512 S.E.2d 830, 832 (1999); see also Code § 16.1-296 ("From any final order or judgment of the juvenile court affecting the rights or interests of any person coming within its jurisdiction, an appeal may be taken to the circuit court . . . and shall be heard *de novo*.").

"A *de novo* hearing means a *trial anew*, with the burden of proof remaining upon the party with whom it rested in the juvenile court." Parish v. Spaulding, 20 Va. App. 130, 132, 455 S.E.2d 728, 729 (1995) (quoting Box v. Talley, 1 Va. App. 289, 292, 338 S.E.2d 349, 351 (1986)). "A court which hears a case *de novo*, which disregards the judgment of the court below, which hears evidence anew and new evidence, and which makes final disposition of the case, acts not as a court of appeals but as one exercising original jurisdiction." Addison v. Salyer, 185 Va. 644, 650, 40 S.E.2d 260, 263 (1946) (quoting Gemmell, Inc. v. Svea Fire and Life Ins., 166 Va. 95, 98, 184 S.E. 457, 458 (1936)).

Because the burden of proof rested with DHS in the juvenile court, the burden of proof remained on DHS in the *de novo* appeal to the circuit court. As such, DHS was required to put forth evidence as if proceeding in a trial anew, which required DHS to establish by clear and convincing evidence that termination of Nash's residual parental rights was the only reasonable and appropriate recourse. In hearing the evidence anew and in making a final disposition of the

case, the circuit court was in no way hindered by any actions or findings of the juvenile court, and the court was therefore permitted to independently find that J.N. had been abused or neglected.

Accordingly, the circuit court did not err when it found that J.N. had been neglected while in Nash's care. Where there is no error, there is no miscarriage of justice. Finding no miscarriage of justice, this Court declines to invoke the ends of justice exception to Rule 5A:18.

### B. NASH'S SUFFICIENCY CHALLENGE IS WAIVED FOR FAILURE TO CHALLENGE AN ALTERNATIVE HOLDING

Nash argues that the evidence was insufficient to terminate her parental rights under Code § 16.1-283(C) where it did not show that she was unwilling or unable to remedy the conditions that led to J.N.'s placement in foster care, or that DHS made reasonable and appropriate efforts to assist her in doing so. DHS contends that Nash's argument was not preserved in the circuit court because she failed to renew her motion to strike following her case in chief and because she did not file a motion for reconsideration.

In closing argument, however, Nash argued as to the progress she had made with the services she utilized until DHS ceased providing those services. Additionally, counsel for Nash endorsed the circuit court's final order as seen and objected to "as to finding that [DHS] made reasonable and appropriate efforts to substantially remedy the conditions which led to or required continuation of the child's foster care placement," tracking the language of Code § 16.1-283(C).

However, despite preserving her sufficiency argument with respect to Code § 16.1-283(C), Nash failed to preserve or present a sufficiency argument with respect to Code § 16.1-283(B). The February 23, 2017 final order expressly reflects that the circuit court found clear and convincing evidence to support termination under both Code § 16.1-283(B) and 16.1-283(C). Nash presented no argument or objection to any portion of the circuit court's ruling pertaining to Code § 16.1-283(B). Furthermore, despite requesting that the Court apply

the ends of justice exception to her first assignment of error, Nash did not challenge the overall sufficiency of the evidence supporting termination under Code § 16.1-283(B). Instead, she challenged only the circuit court's ability to make a finding of neglect where the juvenile court had only found J.N. was at risk of neglect.

"[I]n 'situations in which there is one or more alternative holdings on an issue,' the appellant's 'failure to address one of the holdings results in a waiver of any claim of error with respect to the court's decision on that issue.'" Johnson v. Commonwealth, 45 Va. App. 113, 116, 609 S.E.2d 58, 60 (2005) (quoting United States v. Hatchett, 245 F.3d 625, 644-45 (7th Cir. 2001)). This Court has recognized that Code § 16.1-283(B) and 16.1-283(C) are "individual bases upon which a petitioner may seek to terminate residual parental rights," City of Newport News Dep't of Soc. Servs. v. Winslow, 40 Va. App. 556, 563, 580 S.E.2d 463, 466 (2003), and that this Court is not required to consider termination under one particular subsection when termination is upheld under another subsection of Code § 16.1-283. See Fields v. Dinwiddie Cty. Dep't of Soc. Servs., 46 Va. App. 1, 8, 614 S.E.2d 656, 659 (2005).

Because Nash failed to challenge the sufficiency of the evidence supporting the circuit court's termination under Code § 16.1-283(B), and because either subsection independently supports a termination decision, Nash has waived her sufficiency challenge to the termination under Code § 16.1-283(C). As such, we affirm the circuit court's decision terminating Nash's residual parental rights.

### C. NASH FAILED TO PROVIDE PERTINENT AUTHORITY AS REQUIRED BY RULE 5A:20 AND HAS WAIVED HER ARGUMENT AS TO HER MOTION TO REINSTATE VISITATION

Finally, Nash argues that because the circuit court made no separate findings in denying her motion to reinstate visitation, it "must be presumed" that the termination decision was the

basis for the denial. She thus contends that because the termination decision was in error, so too was the circuit court's denial of her motion.

Nash presents her argument without any supporting case law or statutory authority. Rule 5A:20(e) states that an opening brief shall contain, among other things, "principles of law and authorities" pertaining to each assignment of error. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Having presented no citations or authority in support of her argument, Nash has waived any claim of error with regard to the denial of her motion to reinstate visitation. See Rule 5A:20(e). Finding this omission to be significant, this Court will not consider the argument on appeal. See Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008).

### III. CONCLUSION

Because the circuit court did not err in its *de novo* proceeding by finding that J.N. was neglected, the ends of justice exception is inapplicable to Nash's claim and we do not consider it on appeal. Additionally, because Nash challenged the sufficiency of the evidence supporting termination of her parental rights under Code § 16.1-283(C) only, and not the sufficiency as pertaining to Code § 16.1-283(B), Nash failed to challenge an alternative holding that supported termination and therefore waived the argument on appeal. Finally, because Nash failed to provide supporting case law or authority as to why her motion to reinstate visitation was improperly denied, we decline to consider her argument. Accordingly, we affirm the circuit court's decision to terminate Nash's residual parental rights as pertaining to J.N. and the denial of her motion to reinstate visitation.

Affirmed.